STONE, Respondent, v. HARRIS and others (WISCONSIN BOARD OF EXAMINERS IN OPTOMETRY), Appellants.

*March 2—April 7, 1959.*

For the appellants there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

For the respondent there was a brief by *Wiernick & Zurlo* of Milwaukee, and oral argument by *Dominick D. Zurlo.*

A brief was filed by *Hoffman, Cannon, McLaughlin & Herbon,* attorneys, and *Ellis R. Herbon* and *Gordon P. Ralph* of counsel, all of Milwaukee, as *amici curiae.*

BROADFOOT, J.   The petitioner does not challenge the provisions of ch. 153, Stats., providing for the appointment of the Board of Examiners and the regulation of the practice of optometry in Wisconsin.   Nor does the petitioner dispute the fact that he violated the above subsections of sec. Opt 9.08, 4 Wis. Adm. Code.   The sole issue to be determined is whether or not the board had authority by law to promulgate said rules.

The board points to the following sections of the Wisconsin statutes as its authority for promulgating the rules which are here challenged: Secs. 153.03 (4), 153.07 (f), 153.08, 153.11, and 227.014 (2) (a).   It is unnecessary to review the specific provisions of these statutes.   The rules under consideration all deal with advertising.   The question at issue is to be determined, not from the statutory provisions referred to above, but by the provisions of sec. 153.10, relating to prohibited advertising.

The inference is clear that if the legislature had intended to prohibit the type of advertising covered by the rules of the board it would have so stated in sec. 153.10, Stats., as it has done in sec. 152.06 with respect to unprofessional ad-

vertising by dentists. Rules of the state board of dental examiners with respect to unprofessional advertising were challenged in *Modern System Dentists v. State Board of Dental Examiners,* 216 Wis. 190, 256 N. W. 922. In that case certain rules promulgated by the board were held to be beyond its powers. Thereafter the statute was amended to include the subject matter attempted to be regulated by board order. It was held in that case that it was not within the province of the board to add to the restrictions imposed by the legislature.

The same rule is applicable here. Therefore the determination of the trial court is correct and the board's order of suspension based on said rules is of no effect.

*By the Court.*—Judgment affirmed.